UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:11-CV-00128

RICHARD WARD BRYANT, individually on behalf of the estate of KIRA BRYANT                                      Plaintiff

v.

JAMISON K. TURNEY, DEDRA K. TURNEY, and PADUCAH NISSAN, LLC, d/b/a NISSAN OF PADUCAH                         Defendants

**MEMORANDUM OPINION AND ORDER**

Defendant Paducah Nissan, LLC, moves to limit the testimony of Mike Allen regarding the disposal of evidence after the accident, (Docket No. 123), to which Plaintiff has responded. (Docket No. 146.) This matter is now ripe for adjudication. For the reasons that follow, this motion is **DENIED**.

The testimony at issue relates to the removal of empty bottles of vodka and/or other alcohol from Jamison Turney's Nissan Titan pick-up truck. It is undisputed that the entire family, including Dedra and Jamison, had traveled together from the Nashville, Tennessee, area to Paducah on the day of the crash. Jamison drove the Nissan Titan pick-up truck, while Dedra drove a separate vehicle. Both vehicles were "demos" from Paducah Nissan. As the Plaintiff's brief points out, one of the issues in this case is Dedra Turney's negligence for allowing her daughter, Kira, to ride the motorcycle with Jamison.

While it is true they drove separate cars on the day of the accident and followed each other, (Dedra Turney Deposition Pg. 77.), this testimony is still circumstantial evidence that Dedra had actual or imputed knowledge of Jamison's drinking on that day prior to the motorcycle ride (since they were with each other the day of the crash and the jury could reasonably infer that at some point Dedra would have seen these bottles). It is also circumstantial evidence as to Paducah Nissan's knowledge that Jamison may have been drinking and driving "demo" vehicles regularly since the truck was a "demo" and he frequently drove it to work with bottles in it. (Mike Allen Deposition Pg. 68-73.) Even if Jamison Turney denies drinking the bottles in the vehicle on that particular day, it would remain circumstantial evidence as to Paducah Nissan's knowledge. Therefore, this testimony is tentatively admissible under Federal Rule of Evidence 402 because it is relevant.

Paducah Nissan's only argument with merit against admission is that the evidence is inadmissible under Rule 403 because its probative value is substantially outweighed by a danger of unfair prejudice or confusing the issues.[1] Confusion is not a significant consideration because the testimony will make clear this was not the motorcycle and that Jamison drove the Nissan separately from Dedra. The Court has carefully considered the argument that

---

[1] There is no indication that Mike Allen's testimony will not be based on his personal knowledge, and even if it wasn't then Rule 404/405 would still permit this evidence to come in (because knowledge is at issue). Additionally, there is no rule preventing this Court from admitting evidence that may subject someone to a criminal prosecution.

the probative value of the evidence is substantially outweighed by the danger of unfair prejudice or confusion of the issues.

There is a danger of unfair prejudice, particularly as to Paducah Nissan, because the jury could assume that because he had bottles in the demo car, which he frequently drove to work, that the owners were or should have been aware of his frequent drinking and driving. The danger of unfair prejudice to Dedra is that the jury will assume that she had knowledge of his drinking that day because of the presence of the bottles in the vehicle. However, this Court does not feel this danger of unfair prejudice substantially outweighs the probative value of this evidence in this case.

The Defendants can make clear that the jury is free to decline to make those inferences against Dedra and/or Paducah Nissan. Furthermore, the Defendants can each put on testimony that they lacked the knowledge the Plaintiff will argue should be inferred. The jury is free to weigh the credibility of the witnesses against the circumstantial evidence pointing in the other direction, in fact, that is their proper role. Therefore, the danger of unfair prejudice does not substantially outweigh the probative value of the testimony of Mike Allen regarding the disposal of evidence after the accident under Rule 403. As such, Paducah Nissan's motion to limit this testimony is **DENIED**.

## CONCLUSION

For these reasons, and consistent with the Court's conclusions above,

IT IS HEREBY ORDERED as follows:

(1) **IT IS HEREBY ORDERED** that Paducah Nissan's motion to limit the testimony of Mike Allen regarding the disposal of evidence after the accident, (Docket No. 123), is **DENIED**.

IT IS SO ORDERED.

Date:

cc: Counsel