UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:11-CV-00128

RICHARD WARD BRYANT, individually on                                                    Plaintiff
behalf of the estate of KIRA BRYANT

v.

JAMISON K. TURNEY, DEDRA K. TURNEY,                                                 Defendants
and PADUCAH NISSAN, LLC, d/b/a NISSAN
OF PADUCAH


**MEMORANDUM OPINION AND ORDER**

Defendant Paducah Nissan, LLC, moves to prohibit the parties from introducing the diagram of the accident report prepared by Sheriff's Deputy Kevin Carter, (Docket No. 114), to which Plaintiff has responded. (Docket No. 141.) This matter is now ripe for adjudication. For the reasons that follow, this motion is **DENIED**.

Paducah Nissan also moves to prohibit the Plaintiff from introducing either expert and/or causation testimony from the police investigator and to prohibit the introduction of or reference to the Kentucky Uniform Police Traffic Collision Report, (Docket No. 115), to which Plaintiff has responded. (Docket No. 144.) This matter is now ripe for adjudication. For the reasons that follow, this motion is **GRANTED in part** (as to the introduction of either expert and/or causation testimony from the police investigator) and **DENIED in part** (as to the introduction of or reference to the Kentucky Uniform Police Traffic Collision Report).

I. <u>DOCKET NO. 114 – DIAGRAM OF THE ACCIDENT REPORT</u>

Paducah Nissan moves to prohibit the parties from introducing the diagram of the accident report prepared by Sheriff's Deputy Kevin Carter, (Docket No. 114), to which Plaintiff has responded. (Docket No. 141.) This motion is **DENIED** because the admission of the accident report complies with Federal Rule of Evidence 803(8), as will be explained below.

Rule 803(8) permits introduction of "factual findings from a legally authorized investigation" when a public office is involved and neither the source of the information nor other circumstances indicate a lack of trustworthiness. The Sixth Circuit reads "factual findings" broadly, potentially admitting factual findings which were made from disputed evidence:

> It is also clear from the construction of the rule itself that factual findings admissible under Rule 803(8)(C) may be those which are made by the preparer of the report from disputed evidence, as contrasted to those facts which are 'matters observed pursuant to duty imposed by law as to which matters there was a duty to report' called for under Rule 803(8)(B).

*Baker v. Elcona Homes Corp.*, 588 F.2d 551, 557-58 (6th Cir. 1978) (finding the sergeant's conclusion that the light was red for traffic approaching the intersection from the north admissible). *Baker* found that a police report is a "public record and report within the meaning of the first part of Rule 803(8)." *Id.* at 556. Therefore, absent circumstances indicating a lack of trustworthiness of the diagram of the accident, it is admissible under Rule 803(8).

In determining whether the sources of information or other circumstances indicate a lack of trustworthiness, there are four suggested factors for consideration:

> (1) the timeliness of the investigation; (2) the special skill or experience of the official; (3) whether a hearing was held on the level at which conducted; and (4) possible motivational problems.

*Baker*, at 557. There is no indication of a lack of trustworthiness of the diagram accident report.

However, it should be noted that statements that are not an observation or a factual finding of the police officer/public official, which can come from disputed evidence, are not admissible under Rule 803(8). *Id.* at 559. This is true even if the statement had a bearing upon the ultimate factual finding. *Id.* (finding the statement of the driver, which had a bearing on the ultimate factual finding by the officer, was not admissible under Rule 803(8) and must come in under some other hearsay exception). The accident report submitted to the Court does not contain such statements, but if it did those statements would not be admissible under Rule 803(8).[1] The accident report is admissible under Rule 803(8) and Paducah Nissan's motion is DENIED. (Docket No. 114.)

II. DOCKET NO. 115 – EXPERT AND/OR CAUSATION TESTIMONY OF THE POLICE INVESTIGATOR AND THE TRAFFIC COLLISION REPORT

Paducah Nissan also moves to prohibit the Plaintiff from introducing either expert and/or causation testimony from the police investigator and to prohibit the introduction of or reference to the Kentucky Uniform Police Traffic Collision Report, (Docket No. 115), to which Plaintiff has responded. (Docket No. 144.) This motion is **GRANTED in part** (as to the introduction of either expert and/or

---

[1] The report indicates the diagram is not drawn to scale. However, it generally depicts the scene in a non-prejudicial manner. Likewise, the officer will be testifying and can explain the length of the mark he measured and the general direction of those markets. Even though not to scale, the drawing will be helpful to the jury.

causation testimony from the police investigator) and **DENIED in part** (as to the introduction of or reference to the Kentucky Uniform Police Traffic Collision Report).

      (a) <u>Introduction Of Expert and/or Causation Testimony From The Police Investigator</u>

The police investigator has not been disclosed as an expert witness, and there is nothing in the record indicating the investigator is qualified to be an expert on this matter. The Plaintiff has not satisfied his burden. Therefore, the police investigator may not offer an expert opinion as to causation, and Paducah Nissan's motion is **GRANTED in part**. (Docket No. 115.)

      (b) <u>Kentucky Uniform Police Traffic Collision Report</u>

As established above, a police report is a "public record" within the meaning of Rule 803(8), and the Sixth Circuit reads broadly "factual findings" in Rule 803(8). *Baker*, at 556-58; *see also Dortch v. Fowler*, 588 F.3d 396, 402-05 (6th Cir. 2009) (reinforcing *Baker*). Therefore, the Kentucky Uniform Police Traffic Collision Report is admissible under Rule 803(8), absent circumstances indicating a lack of trustworthiness. As noted earlier, there is no indication of circumstances indicating a lack of trustworthiness of the traffic collision report. While the drawing is not to scale, it is so noted on the report.

However, it should be noted that statements that are not an observation or a factual finding of the police officer/public official, which can come from disputed evidence, are not admissible under Rule 803(8). *Baker,* at 559. This is true even if the statement had a bearing upon the ultimate factual finding. *Id.* (finding the statement of

the driver, which had a bearing on the ultimate factual finding by the officer, was not admissible under Rule 803(8) and must come in under some other hearsay exception). All statements by "Unit 1 Operator" (Jamison K. Turney) in the second paragraph of the narrative of the report are not admissible under Rule 803(8), but would be admissible as an opposing party's statement under Rule 801(d)(2). The Kentucky Uniform Police Traffic Collision Report is admissible and Paducah Nissan's motion is **DENIED in part**. (Docket No. 115.)

CONCLUSION

For these reasons, and consistent with the Court's conclusions above,

IT IS HEREBY ORDERED as follows:

(1) **IT IS HEREBY ORDERED** that Paducah Nissan's motion to prohibit parties from introducing the diagram of the accident report, (Docket No. 114), is **DENIED**.

(2) **IT IS HEREBY ORDERED** that Paducah Nissan's motion, (Docket No. 115), is **GRANTED in part** (as to the introduction of either expert and/or causation testimony from the police investigator) and **DENIED in part** (as to the introduction of or reference to the Kentucky Uniform Police Traffic Collision Report), consistent with the Court's opinion above.

IT IS SO ORDERED.

Date:

cc: Counsel