UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:11-CV-00128

RICHARD WARD BRYANT,                                               Plaintiff
individually on behalf of the
estate of KIRA BRYANT

v.

JAMISON K. TURNEY, DEDRA K                           Defendants
TURNEY, and PADUCAH NISSAN, LLC,
d/b/a NISSAN OF PADUCAH

## MEMORANDUM OPINION AND ORDER

Defendant Paducah Nissan, LLC, moves to limit the testimony of Pat Wallace to those matters on which she has personal knowledge. (Docket No. 113.) Plaintiff Richard Bryant responded. (Docket No. 140.) This matter is ripe for adjudication. For the following reasons, Paducah Nissan's motion is **GRANTED in part** (as to testimony concerning a general drinking problem) and **DENIED in part** (as to testimony concerning drinking at work), consistent with the below opinion.

Defendant Paducah Nissan moves to limit the testimony of David Phillips. (Docket No. 116.) Plaintiff has responded. (Docket No. 143.) For the following reasons, Paducah Nissan's motion is **GRANTED in part** (as to Jamison having a drinking problem and Mike Allen stating that belief) and **DENIED in part** (as to the purchasing of alcohol during work hours for Jamison), consistent with the below opinion.

Defendant Paducah Nissan moves to limit the testimony of Steve Lance. (Docket No. 118.) Plaintiff has responded. (Docket No. 144.) This matter is ripe for adjudication. For the following reasons, Paducah Nissan's motion is **GRANTED in part** (as to the two isolated incidents of drinking after hours at Paducah Nissan) and **DENIED in part** (as to the purchasing of alcohol during work hours for Jamison Turney), consistent with the below opinion.

Defendant Paducah Nissan moves to limit the testimony of John Day. (Docket No. 119.) Plaintiff has responded. (Docket No. 145.) This matter is ripe for adjudication. For the following reasons, Paducah Nissan's motion is **GRANTED in part** (as to Jamison's general drinking, including an isolated incident after-hours at Paducah Nissan) and **DENIED in part** (as to the purchasing of alcohol during work hours for Jamison), consistent with the below opinion.

Defendant Paducah Nissan moves to limit the testimony of Mike Allen regarding Jamison Turney's alleged drinking habits. (Docket No. 122.) Plaintiff has responded. (Docket No. 152.) This matter is ripe for adjudication. For the following reasons, Paducah Nissan's motion is **GRANTED in part** (as to testimony concerning a general drinking problem) and **DENIED in part** (as to testimony concerning drinking at work and employees purchasing Jamison alcohol), consistent with the below opinion.

Defendant Paducah Nissan moves to prohibit any party from introducing evidence of the drinking habits of Jamison K. Turney ("Jamison") on any day other than the day of the accident in this case. (Docket No. 130.) Plaintiff has responded. (Docket No. 148.) This matter is ripe for adjudication. For the following reasons, Paducah Nissan's motion is tentatively **GRANTED** with respect to testimony other than

specific instances previously ruled admissible by the Court, consistent with the below opinion.  If the parties have any specific instances of drinking not yet ruled upon that they wish to present, they should approach the Court.

**I.     General Holdings of Law**

Before this Court directly responds to Paducah Nissan's six motions, (Docket Nos. 113, 116, 118, 119, 122, and 130), it will delineate some general holdings of law which informed the Court's findings on these motions.

   a)  Rule 406 Is Not Applicable to the Alcohol/Drinking Evidence

As an initial matter, evidence of Defendant Jamison Turney's drinking problem will not come in as evidence of "habit" under Federal Rule of Evidence 406.  Rule 406 provides that "[e]vidence of a person's habit . . . may be admitted to prove that on a particular occasion the person . . . acted in accordance with the habit[.]"  As the commentary to Rule 406 points out, however, "evidence of intemperate 'habits' is generally excluded when offered as proof of drunkenness in accident cases[.]" Fed. R. Evid. 406 (advisory committee notes).  In *Dawson v. Shannon*, 9 S.W.2d 998 (Ky. 1928), Shannon was injured when she was struck by a vehicle drive by Dawson.  One of the issues at trial was whether Dawson had been drinking at the time of the accident.  Testimony was admitted that Dawson had a habit of drinking.  *Id.* at 998.  On appeal, the court held that admission of Dawson's habit was reversible error.  *Id.* at 999.  It found that admission of this evidence "may have influenced the jury and may have prevented a fair trial of the issues in the case[.]"  *Id.*

Similarly, in *City of Madisonville v. Stewart*, 121 S.W. 421 (Ky. 1909), the court

held that the trial court did not err by excluding evidence relating to the plaintiff's habit of drunkenness.

> There is no just ground for the complaint made by appellant that the trial court erred in refusing to permit them to prove that appellee had the habit of drunkenness. Such testimony would have been incompetent. It was sufficient and proper to show, if it could be done, that appellee was drunk when he received his injuries. Appellant was allow to introduce all the evidence on that question it offered, but further than this it could not legally go.

*Id.* at 423.

Habit "describes one's regular response to a repeated specific situation." Fed. R. Evid. 406 (advisory committee notes). Habitual acts "may become semi-automatic." There is no indication that that Jamison's drinking had risen to such a level to constitute a "habit" under Rule 406.[1] Accordingly, the Court finds that testimony about Jamison's drinking problem is not evidence of a "habit" of drunkenness under Rule 406, to prove he was drunk or drinking at the time of the accident. The Court notes there is considerable other evidence that Jamison was under the influence at the time of the accident.

b) Negligent Entrustment

Kentucky has long recognized that the tort of negligent entrustment encompasses the use of motor vehicles. *See Owensboro Undertaking & Livery Ass'n v. Henderson*, 115 S.W.2d 563, 564 (Ky. 1938); *Brady v. B & B Ice Co.*, 45 S.W.2d 1051, 1052 (Ky. 1932). Pursuant to this tort, "one who entrusts her vehicle to another whom she knows to be inexperienced, careless, or reckless, or given to excessive use of intoxicating liquor while driving, is liable for the natural and probable consequences of

---

[1] The Court notes that even if the drinking did rise to the level of a "habit" under Rule 406, it would still be subject to the below Rule 403 analysis. Essentially, the outcome on this issue is not determinative.

the entrustment." *McGrew v. Stone*, 998 S.W.2d 5, 8-9 (Ky. 1999); *Cox v. Waits*, Nos. 2002-CA-002357-MR, 2002-CA-002418-MR, 2004 WL 4055811, *2 (Ky. Ct. App. Mar. 5, 2004). "The owner is liable if he knows, or under the facts known to him in the exercise of ordinary care should know, that the person driving the car is incompetent to drive it." *Henderson*, 115 S.W.2d at 564. The standard is that the person knew or *should have known* of the danger:

> One who supplies directly or through a third person a chattel for the use of another whom the supplier knows or has reason to know to be likely because of his youth, inexperience, or otherwise, to use it in a manner involving unreasonable risk of physical harm to himself and others whom the supplier should expect to share in or be endangered by its use, is subject to liability for physical harm resulting to them.

*Hercules Powder Co. v. Hicks*, 453 S.W.2d 583, 587 (Ky. 1970). Therefore, for the purpose of determining the admissibility of the alcohol/drinking evidence, this Court must consider whether or not such evidence has any tendency to make it more or less likely that Paducah Nissan had the requisite knowledge for the claims against it. Specifically, the knowledge involves whether the owners knew or should have known that Jamison regularly drank and drove for a negligent entrustment action.

c) <u>Initial Evidentiary Basis For Alcohol/Drinking Evidence – Rule 404/405</u>

As a threshold matter, all of Jamison Turney's drinking history and/or reputation for drinking is tentatively admissible. This is because it wouldn't be coming in as impermissible character evidence, which Rule 404(1) prohibits, but rather to establish the knowledge that Paducah Nissan had or should have had. As Rule 404(b)(2) states: "This evidence may be admissible for another purpose, such as proving motive,

opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." The Advisory Committee Notes to Rule 404 make this clear:

> Character questions arise in two fundamentally different ways. (1) Character may itself be an element of a crime, claim, or defense. A situation of this kind is commonly referred to as "character in issue." Illustrations are: the chastity of the victim under a statute specifying her chastity as an element of the crime of seduction, or the competency of the driver in action for negligently entrusting a motor vehicle to an incompetent driver. No problem of the general relevancy of the character evidence is involved, and the present rule therefore has no provision on the subject. The only question relates to allowable methods of proof, as to which see Rule 405, immediately following.

Fed. R. Evid. 404 (advisory committee notes). In this case, Rule 404 would not prevent the admission of this evidence because it goes to Paducah Nissan's knowledge (or what it *should* have known). Rule 405 would permit reputation, opinion, or specific instances evidence to prove this character trait. Fed. R. Evid. 405.

d) Rule 403's General Application to Drinking/Alcohol Evidence

Despite this evidence being tentatively admissible under Rule 404/405, Paducah Nissan raises a Rule 403 motion that the probative value of admission is substantially outweighed by the danger of unfair prejudice and confusion of the issues.[2] (Docket No. 130.) All of the drinking history evidence can generally be divided into three categories: (1) evidence of Jamison's drinking generally, (2) evidence of Jamison drinking at work, and (3) evidence of Jamison's drinking and driving to/from work.

---

[2] Paducah Nissan's other objections to the admission include Rule 602 (personal knowledge) and Rule 802 (hearsay). These Rules are not viable bases on which this Court could exclude this evidence in light of Rule 404/405 and that character is at issue.

Since each category carries different degrees of probative value and danger of unfair prejudice, each will be addressed separately.

      (1) <u>Evidence of Jamison Turney's Drinking Generally</u>

This Court finds that evidence that Jamison in general had a drinking problem or engaged in drinking, with no reference to actually drinking at work or drinking and driving to/from work, is inadmissible under Rule 403 because its probative value is substantially outweighed by the danger of unfair prejudice to Paducah Nissan and confusion of the issues. While true that it is loosely relevant to the question of whether Nissan had the requisite knowledge (because someone who has a drinking problem or drinks regularly is arguably marginally more likely to drink and drive), its potential to unduly prejudice the jury and confuse the issues outweighs this minimal relevance.

Just because someone drinks regularly or has a drinking problem doesn't necessarily mean that they will drink and drive.[3] There should be a nexus between the alcohol consumption and the driving. Admitting evidence that Jamison drank regularly and/or had a drinking problem would give an "undue tendency to suggest decision on an improper basis." Fed. R. Evid. 403 (advisory committee notes). It would improperly "tempt" the jury to assume that because someone drinks or has a drinking problem, they automatically can be assumed to be someone that drinks and drives. Therefore, evidence that Jamison had a drinking problem or engaged in drinking, with no reference to drinking at work or other evidence of drinking and driving, is inadmissible and excluded under Rule 403.

---

[3] In fact, someone with a severe drinking problem could never drink and drive, while someone that drinks for the first time ever just could decide to drink and drive.

(2) <u>Evidence of Jamison's Drinking While Working</u>

This Court finds that evidence that Jamison engaged in drinking while at work admissible and not excluded under Rule 403 because its probative value is not substantially outweighed by the danger of unfair prejudice and confusion of the issues. Unlike the minimal relevance of evidence of general drinking, drinking at work is highly probative of establishing that an employer knew or should have known that Jamison was prone to "excessive use of intoxicating liquor while driving" necessary for a negligent entrustment claim.[4] *McGrew v. Stone*, 998 S.W.2d 5, 9 (Ky. 1999). At Jamison's job he drove to work (usually in "demo" vehicles), so it is an obvious implication that by drinking at work he was planning on driving after doing so.

The evidence of drinking at work and then driving home are probative of Nissan's knowledge of Jamison's drinking and driving. Nissan's principals have denied knowledge of these events and knowledge of Jamison's drinking and driving. However, several employees have testified it occurred with some frequency and the drinking occurred at work. This is all circumstantial evidence of what Nissan knew or should have known and passes the Rule 403 analysis. This is all for the jury to consider. It is admissible for the limited purpose of Nissan's knowledge under the negligent entrustment claim.

(3) <u>Evidence of Jamison's Drinking and Driving To/From Work</u>

This Court finds that evidence that employees knew Jamison engaged in drinking and driving to/from work admissible and not excluded under Rule 403 because

---

[4] The Court notes this is particularly true in Jamison's situation where his job provided him with "demo" vehicles and involved him being around automobiles all day.

its probative value is not substantially outweighed by the danger of unfair prejudice to the Defendants or confusion of the issues.[5] Unlike the minimal relevance of evidence of general drinking, knowledge by the *employees* of evidence of Jamison's drinking and driving to/from work is highly probative of establishing whether an employer knew or should have known that Jamison was prone to "excessive use of intoxicating liquor while driving" necessary for a negligent entrustment claim. *McGrew v. Stone*, 998 S.W.2d 5, 9 (Ky. 1999). While there is the slight potential for unfair prejudice to Paducah Nissan, the probative value with this evidence is not substantially outweighed by the minimal danger of undue prejudice. Therefore, evidence that Jamison engaged in drinking and driving to/from work is not excluded by Rule 403 and admissible for the limited purpose of Nissan's knowledge under the negligent entrustment claim.

II. **Application of General Holdings of Law to Paducah Nissan's Motions: Docket Nos. 113, 116, 118, 119, 122, & 130**

a) Docket No. 113 – Motion to Limit Testimony of Pat Wallace

Consistent with the above holdings, the testimony of Pat Wallace relating to Jamison having a general drinking problem is not admissible under Rule 403 because the probative value is substantially outweighed by the danger of undue prejudice and confusion of the issues. However, the testimony by Pat Wallace concerning drinking at work is not excluded by Rule 403 and admissible for the limited purpose of Nissan's knowledge under the negligent entrustment claim. Therefore, Paducah Nissan's motion to limit the testimony of Pat Wallace, (Docket No. 114.), is **GRANTED in part** (as to

---

[5] As noted above, evidence of Jamison drinking at work is implicitly evidence of him drinking and driving to/from work.

testimony concerning a general drinking problem) and **DENIED in part** (as to testimony concerning drinking at work).

b) Docket No. 116 – Motion to Limit Testimony of David Phillips

Consistent with the above holdings, the portion of David Phillips' testimony relating to his knowledge of Jamison having a drinking problem and Mike Allen telling him that Jamison drank too much/was a heavy drinker, is not admissible under Rule 403 because the danger of undue prejudice and confusion of the issues. However, the portion of the testimony relating to David Phillips purchasing alcohol for Jamison during work is not excluded under Rule 403 and is admissible for the limited purpose of Nissan's knowledge under the negligent entrustment claim.

The admissible portion of the testimony is probative of Nissan's knowledge of Jamison's drinking and driving. Nissan's principals have denied knowledge of these events and knowledge of Jamison's drinking and driving. However, several employees have testified it occurred with some frequency and the drinking occurred at work. This is all circumstantial evidence of what Nissan knew or should have known and passes the Rule 403 analysis.

Paducah Nissan's motion to limit the testimony of David Phillips, (Docket No. 116), is **GRANTED in part** (as to Jamison having a drinking problem and Mike Allen stating that belief) and **DENIED in part** (as to the purchasing of alcohol during work hours for Jamison).

c) <u>Docket No. 118 – Motion to Limit Testimony of Steve Lance</u>

Consistent with the above holdings, the portion of Steve Lance's testimony relating to Jamison drinking is excluded under Rule 403 because the probative value is substantially outweighed by the danger of undue prejudice. While the testimony concerning drinking did occur on the actual premises of Paducah Nissan, both times it was after work hours when the business was closed. Furthermore, these incidents only occurred twice and were to celebrate the end to long sales periods. Essentially, they were isolated incidents that weren't occurring while Paducah Nissan was open. Therefore, it has minimal probative value which is substantially outweighed by the danger of unfair prejudice and confusion of the issues.

The other relevant portion of the testimony involves Steve Lance purchasing alcohol during work hours for Jamison. The evidence of these purchases is probative of Nissan's knowledge of Jamison's drinking and driving. Nissan's principals have denied knowledge of these events and knowledge of Jamison's drinking and driving. However, several employees have testified it occurred with some frequency and the drinking occurred at work. This is all circumstantial evidence of what Nissan knew or should have known and passes the Rule 403 analysis. It is admissible for the limited purpose of establishing Nissan's knowledge under the negligent entrustment claim.

Paducah Nissan's motion to limit the testimony of Steve Lance, (Docket No. 118), is **GRANTED in part** (as to the two isolated incidents of drinking after hours at Paducah Nissan) and **DENIED in part** (as to the purchasing of alcohol during work hours for Jamison).

d) <u>Docket No. 119 – Motion to Limit Testimony of John Day</u>

Consistent with the above holdings, the portion of the testimony of John Day relating to Jamison generally drinking or having a drinking problem is excluded under Rule 403. This exclusion includes the testimony concerning an isolated incident of drinking after-hours on the premise of Paducah Nissan, as was the case with Steve Lance's testimony. (Docket No. 118.)

However, the portion of the testimony involving John Day purchasing alcohol during work hours for Jamison is not excluded by Rule 403 and is admissible for the limited purpose of establishing Nissan's knowledge under the negligent entrustment claim. The evidence of these purchases is probative of Nissan's knowledge of Jamison's drinking and driving. Nissan's principals have denied knowledge of these events and knowledge of Jamison's drinking and driving. However, several employees have testified it occurred with some frequency and the drinking occurred at work. This is all circumstantial evidence of what Nissan knew or should have known and passes the Rule 403 analysis.

Paducah Nissan's motion to limit the testimony of John Day, (Docket No. 119), is **GRANTED in part** (as to Jamison's general drinking, including an isolated incident after-hours at Paducah Nissan) and **DENIED in part** (as to the purchasing of alcohol during work hours for Jamison).

e) <u>Docket No. 122 – Motion to Limit Testimony of Mike Allen</u>

Consistent with the above holdings, the testimony of Mike Allen relating to Jamison having a general drinking problem is not admissible under Rule 403 because the probative value is substantially outweighed by the danger of undue prejudice. However, the testimony concerning employees purchasing alcohol and Jamison drinking at work is not excluded by Rule 403 and admissible for the limited purpose of Nissan's knowledge under the negligent entrustment claim.

The evidence of these purchases and drinking are probative of Nissan's knowledge of Jamison's drinking and driving. Nissan's principals have denied knowledge of these events and knowledge of Jamison's drinking and driving. However, several employees have testified it occurred with some frequency and the drinking occurred at work. This is all circumstantial evidence of what Nissan knew or should have known and passes the Rule 403 analysis (the probative value is not substantially outweighed by the danger of undue prejudice or confusion of the issues).

Therefore, Paducah Nissan's motion to limit the testimony of Pat Wallace, (Docket No. 122.), is **GRANTED in part** (as to testimony concerning a general drinking problem) and **DENIED in part** (as to testimony concerning drinking at work and employees purchasing Jamison alcohol).

f) <u>Docket No. 130 – Motion to Prohibit Any Party From Introducing Evidence of the Drinking Habits of Jamison K. Turney on Any Day other than the Day of the Accident in this Case</u>

Other than the specific instances ruled on above, evidence of Jamison's drinking on any day other than the day of the accident in this case is tentatively excluded by Rule

403. If the parties wish to present any other instances of Jamison's drinking that have not been previously ruled on, they should request permission from the Court. Therefore, Paducah Nissan's motion to prohibit any party from introducing evidence of Jamison's drinking on any day other than the day of the accident in this case, (Docket No. 130), is tentatively **GRANTED** with respect to testimony other than specific instances previously ruled admissible by the Court.

## CONCLUSION

For these reasons, and consistent with the Court's conclusions above,

IT IS HEREBY ORDERED as follows:

(1) **IT IS HEREBY ORDERED** that Paducah Nissan's motion to limit the testimony of Pat Wallace to those matters on which she has personal knowledge, (Docket No. 113.), is **GRANTED in part** (as to testimony concerning a general drinking problem) and **DENIED in part** (as to testimony concerning drinking at work), consistent with the above opinion.

(2) **IT IS HEREBY ORDERED** that Paducah Nissan's motion to limit the testimony of David Phillips, (Docket No. 116), is **GRANTED in part** (as to Jamison having a drinking problem and Mike Allen stating that belief) and **DENIED in part** (as to the purchasing of alcohol during work hours for Jamison), consistent with the above opinion.

(3) **IT IS HEREBY ORDERED** that Paducah Nissan's motion to limit the testimony of Steve Lance, (Docket No. 118), is **GRANTED in part** (as to the two isolated incidents of drinking after hours at Paducah Nissan) and **DENIED in part** (as to the purchasing of alcohol during work hours for Jamison), consistent with the above opinion.

(4) **IT IS HEREBY ORDERED** that Paducah Nissan's motion to limit the testimony of John Day, (Docket No. 119), is **GRANTED in part** (as to Jamison's general drinking, including an isolated incident after-hours at Paducah Nissan) and **DENIED in part** (as to the purchasing

of alcohol during work hours for Jamison), consistent with the above opinion.

(5) **IT IS HEREBY ORDERED** that Paducah Nissan's motion to limit the testimony of Mike Allen regarding Jamison Turney's alleged drinking habits, (Docket No. 122), is **GRANTED in part** (as to testimony concerning a general drinking problem) and **DENIED in part** (as to testimony concerning drinking at work and employees purchasing Jamison alcohol), consistent with the above opinion.

(6) **IT IS HEREBY ORDERED** Paducah Nissan's motion to prohibit any party from introducing evidence of the drinking habits of Jamison Turney on any day other than the day of the accident in this case, (Docket No. 130), is tentatively **GRANTED** with respect to testimony other than specific instances previously ruled admissible by the Court. If the parties have any specific instances of drinking not yet ruled upon that they wish to present, they should approach the Court.

(7) **IT IS HEREBY ORDERED** all evidence of Jamison's drinking, other than on the day of the accident, that the Court has ruled is admissible comes in only for the limited purpose of establishing Paducah Nissan's knowledge for the negligent entrustment claim.

IT IS SO ORDERED.


Date:


cc: Counsel