UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:11-CV-00128

RICHARD WARD BRYANT,　　　　　　　　　　　　　　　　　　　　　　Plaintiff
individually on behalf of the
estate of KIRA BRYANT

v.

JAMISON K. TURNEY, DEDRA K　　　　　　　　　　　　　　　　　Defendants
TURNEY, and PADUCAH NISSAN, LLC,
d/b/a NISSAN OF PADUCAH

## MEMORANDUM OPINION AND ORDER

Defendant Dedra K. Turney moves to dismiss Plaintiff's claims asserted on behalf of the estate of Kira Kelley Bryant and for the Court to abstain from exercising jurisdiction over the suit. (Docket No. 213.) Paducah Nissan joins Dedra Turney in moving to dismiss Plaintiff's claims. (Docket No. 217.) Plaintiff Richard Bryant has responded. (Docket No. 218.) Defendant Dedra Turney has replied. (Docket No. 220.) This matter is ripe for adjudication. For the following reasons, Dedra Turney and Paducah Nissan's motions to dismiss and/or to abstain are **DENIED**. This case is ordered **STAYED** pending action by the new personal representative in the state court case.

As discussed with the parties in the conference call on September 27th, 2013, this case will be stayed pending action by the new personal representative in the state court case. The personal representative has the exclusive right to maintain a wrongful death action. *Everley v. Wright,* 872 S.W.2d 95 (Ky.1993). However, Kentucky law

permits a beneficiary to bring an *action* on behalf of the estate under two exceptional circumstances: (1) when the personal representative has refused to bring the action; or (2) where there is fraud and collusion on the part of the personal representative and the person sought to be made liable for the death. *Smith v. McCurdy*, 269 S.W.3d 876, 879 (Ky. App. 2008); *In re Air Crash at Lexington, Kentucky*, 2007 WL 580858 (E.D. Ky. Feb. 20, 2007).

Previously, the Court found such exceptional circumstances existed, and the Court permitted Bryant to maintain an action on behalf of the estate. Specifically, since Dedra was the personal representative and the state court refused to remove her, there was a conflict of interest/collusion as to the personal representative and the person sought to be made liable for the death (Dedra). However, now Dedra has been removed and there has been an appointment of a new, independent personal representative. Therefore, the same concerns about a conflict of interest/collusion do not exist.

As a result, the Court is now in a precarious situation. If the new personal representative *successfully* brings an action against Dedra, it is clear the Court no longer has jurisdiction over Bryant's claims brought on behalf of the estate. This is because the personal representative has exclusive jurisdiction over such claims. The Court also believes it may be without jurisdiction if the personal representative considers bringing a claim against Dedra, but chooses not to because it is in the best interest of the estate.[1] That decision is exclusively the new, independent personal representative's. Admittedly, a more problematic situation would arise if the personal representative

---

[1] As the reply brief notes, (Docket No. 220, Page 3), the new personal representative would be in a position to honestly evaluate the merits of pursuing a claim against Dedra viewed from the lens of a maximum recovery on behalf of the whole estate, not a single beneficiary.

attempted to bring a claim against Dedra, but was barred from doing so by the state court. Currently, the Court declines to decide whether it would continue to have jurisdiction and what would be the proper course of action in that situation because it has not occurred. If that situation presents itself, then the Court will decide the issue.

Given that several actions by the new personal representative could result in the Court being without jurisdiction on the claims Plaintiff Bryant brought on behalf of the estate of Kira Bryant, the Court will **STAY** this case pending actions/decisions by the new personal representative. As for the remaining loss of consortium claim, which is a personal/individual claim of Richard Bryant, the Court has an independent basis for jurisdiction in diversity. However, since the Court could potentially end up having to resolve the claims Bryant brought on behalf of the estate, the Court believes it is prudent to also stay the loss of consortium claim since they are part of the same case.

### CONCLUSION

For these reasons, and consistent with the Court's conclusions above,

IT IS HEREBY ORDERED as follows: Dedra Turney and Paducah Nissan's motions to dismiss and/or to abstain are **DENIED**. This case is ordered **STAYED** pending action by the new personal representative in the state court case.

IT IS SO ORDERED.

Date:

cc: Counsel