UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:11-CV-00128

RICHARD WARD BRYANT,　　　　　　　　　　　　　　　　　　　　　　Plaintiff
individually on behalf of the
estate of KIRA BRYANT

v.

JAMISON K. TURNEY,　　　　　　　　　　　　　　　　　　　　　　Defendants
DEDRA K TURNEY, and
PADUCAH NISSAN, LLC, d/b/a NISSAN
OF PADUCAH

**MEMORANDUM OPINION AND ORDER**

Plaintiff moves the Court to set a trial date for this case as soon as practicable. (Docket No. 227.) Defendants Paducah Nissan, Dedra Kelley Turney, and Richard Ward Bryant have responded in opposition. (Docket Nos. 229, 232, 236.) Plaintiff has replied. (Docket No. 234.) For the following reasons, the Court will continue to **STAY** this case pending action by the new personal representative in the state court case.

BACKGROUND

This case stems from a motorcycle accident where a passenger, Kira Kelley Bryant, lost her life. Based on that accident, Kira Bryant's father, Richard Ward Bryant, filed a Complaint in this Court on July 21, 2011, (Docket No. 1), for the "loss of affection, and companionship" of his minor daughter and for punitive damages against Defendants Paducah Nissan, Dedra Kelley Turney, and Jamison Turney.

Notably, there is an ongoing, related state court action in McCracken Circuit Court stemming from the same accident in which Kira's estate is pursuing claims based

on the accident. Previously, on July 5, 2011, Kira Bryant's mother, Dedra Kelley Turney, was appointed the administratrix of Kira's estate in that state court action.

Dedra Turney, in her capacity as administratrix of the estate of Kira Bryant, filed a wrongful death lawsuit initially against only Jamison Turney. Plaintiff Richard Bryant sent a written demand to Dedra Turney, in her capacity as administratrix of the estate in the state court action, to institute proceedings for wrongful death against Paducah Nissan and herself in the state court action. Plaintiff also demanded that Dedra Turney bring an additional claim for punitive damages against Jamison Turney. Dedra Turney refused to add herself as a party and, while she did assert a claim for negligence against Paducah Nissan, she continued to refuse to assert claims for punitive damages against both Paducah Nissan and Jamison. As a result, Plaintiff moved to amend his Complaint in this Court to assert these claims on behalf of the estate as a beneficiary of the estate. (Docket No. 10.) The Court found that under Kentucky law Plaintiff was entitled to amend his Complaint as a beneficiary of the estate.[1] (Docket No. 56.)

Subsequently, the McCracken Circuit Court appointed a new personal representative, Independence Bank, as administrator of the estate of Kira Bryant and

---

[1] Normally, the personal representative has the exclusive right to maintain a wrongful death action. *Everley v. Wright,* 872 S.W.2d 95 (Ky. 1993). However, Kentucky law permits a beneficiary to bring an action on behalf of the estate under two exceptional circumstances: (1) when the personal representative has refused to bring the action; or (2) where there is fraud and collusion on the part of the personal representative and the person sought to be made liable for the death. *Smith v. McCurdy*, 269 S.W.3d 876, 879 (Ky. Ct. App. 2008); *In re Air Crash at Lexington, Ky.*, 2007 WL 580858 (E.D. Ky. Feb. 20, 2007).
    Previously, the Court found such exceptional circumstances existed, and the Court permitted Plaintiff to maintain an action on behalf of the estate. Specifically, since Dedra was the personal representative and the state court refused to remove her, there was a conflict of interest/collusion as to the personal representative and the person sought to be made liable for the death—Dedra.

conducted a pretrial status conference.[2] (Docket No. 226.) The McCracken Circuit Court entered a scheduling order setting the wrongful death action for a one-week trial to begin on June 23, 2014. (Docket No. 226.) This Court previously stayed this case pending action by the new personal representative in the state court case. (Docket No. 223.)

DISCUSSION

Defendants argue the Court should continue to stay the case until the trial in the state court takes place because: (1) this is primarily a state court matter and (2) judicial economy would be furthered by having the bulk of the case decided in one place at one time. As for the second reason, Defendants argue that the state court has the primary claims before it and that this Court could conduct a much shorter trial on the consortium claim if there is still a need for it to do so after the state court decides issues of liability. Specifically, Defendant Dedra Turney argues: "Plaintiff's loss of consortium claim should not be the tail that wags the dog of the underlying state court wrongful death action which involves substantive issues of state law." (Docket No. 232, at 2.)

The Court is concerned about the preclusive effect that deciding the loss-of-consortium claim would have on the state law claims pending in the state action. Plaintiff points out that, despite appointment of Independence Bank as the personal representative of the estate and its representation by attorney Charles E. Moore, Dedra Turney still is not a defendant in that action. Therefore, Plaintiff argues that the

---

[2] On September 8, 2013, the McCracken Circuit Court removed Dedra as the personal representative of Kira Bryant's Estate. Independence Bank was appointed as the new personal representative on September 30, 2013.

outcome of the state court action will not resolve the issues in this Court because Defendants are not evenly aligned and any division of fault among them will not be relevant here. Despite an uneven alignment of parties, the Court believes there would be at least some preclusive effect on the state claims if it were to decide the claims presently before it.

However, the Court need not decide what that effect would be or whether to refrain from setting a trial date because, given the current state of affairs, it does not believe it has jurisdiction to set a trial on these claims.[3] The Court notes that its prior Order staying this case was premised on the concern that "actions by the new personal representative could result in the Court being without jurisdiction on the claims Plaintiff Bryant brought on behalf of the estate of Kira Bryant." (Docket No. 223.) Since that Order, the Court is not aware of any relevant action taken by the new personal representative. Therefore, the same concerns that the Court had when it entered its Order of October 10, 2013, are present now. While Plaintiff has zealously and persuasively argued that there has been very little independent action in state court to prepare that case, the Court remains concerned that the actions of the new personal representative could divest it of jurisdiction over the claims made by Plaintiff on behalf of the estate of Kira Bryant. At the very least, for reasons more fully discussed below, the Court believes it is prudent to exercise its discretion and continue to stay the case pending action by the new personal representative.

---

[3] Even if the Court were with jurisdiction to set a trial on these claims the Court believes for the reasons discussed below it would be best to exercise its discretion and in any event stay the case at the very least until the personal representative takes a definite course of action.

In its previous Order staying this case, the Court stated:

> The personal representative has the exclusive right to maintain a wrongful death action. *Everley v. Wright,* 872 S.W.2d 95 (Ky.1993). However, Kentucky law permits a beneficiary to bring an *action* on behalf of the estate under two exceptional circumstances: (1) when the personal representative has refused to bring the action; or (2) where there is fraud and collusion on the part of the personal representative and the person sought to be made liable for the death. *Smith v. McCurdy*, 269 S.W.3d 876, 879 (Ky. App. 2008); *In re Air Crash at Lexington, Kentucky*, 2007 WL 580858 (E.D. Ky. Feb. 20, 2007).
>
> Previously, the Court found such exceptional circumstances existed, and the Court permitted Bryant to maintain an action on behalf of the estate. Specifically, since Dedra was the personal representative and the state court refused to remove her, there was a conflict of interest/collusion as to the personal representative and the person sought to be made liable for the death (Dedra). However, now Dedra has been removed and there has been an appointment of a new, independent personal representative. Therefore, the same concerns about a conflict of interest/collusion do not exist.

(Docket No. 223, at 1-2.) An independent personal representative of the estate has been appointed in the state court action, but the personal representative has, to the Court's knowledge, not yet brought a claim against Dedra Turney. As the Court previously stated, if the new personal representative successfully brings an action against Dedra, it is clear that the Court no longer has jurisdiction over Plaintiff's claims brought on behalf of the estate, given that the personal representative has exclusive jurisdiction over such claims.

Previously, the Court stated it also believed it may be without jurisdiction if the personal representative considers bringing a claim against Dedra Turney, but chooses

not to because it is in the best interest of the estate.[4] That decision rests exclusively with the new, independent personal representative. Given that the new personal representative has thus far declined to bring a claim against Dedra Turney, the Court believes it is implied that—at least at this point—that the personal representative believes such a claim is not in the best interest of the estate.[5] Accordingly, the Court finds that until the personal representative attempts or affirmatively declines to bring a claim against Dedra Turney, it is without jurisdiction to try the Plaintiff's claim against Dedra Turney.

Thus, it would appear that if the new administrator declines to bring a claim or successfully brings a claim against Dedra Turney, the Court would be without jurisdiction to decide the estate's claim against Dedra Turney. However, a potential third situation—distinct from the administrator declining to bring a claim or successfully bringing a claim—counsels against the Court dismissing this claim outright for lack of jurisdiction. Plaintiff argues that "[i]f the Administrator attempts to amend the Complaint in the McCracken Circuit Court, there is likely to be a procedural challenge, or statute of limitations challenge by one or more parties." (Docket No. 236.) However, the mere fact that there could be a potential challenge to such a claim does not preclude a claim from being made. As previously discussed in its prior Order, the Court would decide whether it would continue to have jurisdiction on the estate's

---

[4] As has been previously noted, the new personal representative is in a position to honestly evaluate the merits of pursuing a claim against Dedra viewed from the lens of a maximum recovery on behalf of the whole estate, not a single beneficiary. (Docket No. 220, at 3.)
[5] The Court recognizes that it is possible that the new personal representative may still be planning on asserting a claim against Dedra Turney, even though it has not done so yet. However, even assuming that were true, it would run in favor of continuing to stay the case because if such a claim was successfully brought the Court would be without jurisdiction.

claim against Dedra Turney if the new, independent personal representative attempted to bring a claim against her and was barred from doing so. At this time, that issue is not before the Court.

Accordingly, until the personal representative attempts or affirmatively declines to bring a claim against Dedra Turney, the Court cannot determine definitively whether it has jurisdiction to try the claim against her and, in any event, in its discretion believes that staying this case in order to determine what action, if any, the new personal representative will take is the best course of action. Therefore, at this time, the Court will continue to **STAY** this case.

As for the remaining loss-of-consortium claim, which is a personal/individual claim of Plaintiff Richard Bryant, the Court has an independent basis for jurisdiction in diversity. However, since the Court could potentially end up having to resolve the claims Plaintiff brought on behalf of the estate if there is a procedural barrier to the new administrator bringing the claims in the state court action, the Court believes it is prudent also to stay the loss of consortium claim because they are part of the same case.

CONCLUSION

For these reasons, and consistent with the Court's conclusions above,

IT IS HEREBY ORDERED that: Plaintiff's motion to set a trial date is **DENIED**. (Docket No. 227.) This case remains **STAYED** pending action by the new personal representative in the state court case.

IT IS SO ORDERED.

Date:

cc:     Counsel