UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:11-CV-00128

RICHARD WARD BRYANT,
individually on behalf of the
estate of KIRA BRYANT,                                                                   Plaintiff

v.

DEDRA K. TURNEY,                                                                          Defendant

# MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff Richard Bryant's Motion for Trial Date. (Docket No. 254). Defendant Dedra Turney has responded, (Docket No. 257), and Plaintiff Bryant has replied, (Docket No. 258). This matter is now ripe for adjudication. For the following reasons, the Court will **DENY** Plaintiff Bryant's Motion for Trial Date.

## BACKGROUND

This case stems from a motorcycle accident where a passenger, Kira Kelley Bryant, lost her life. The procedural history of this case was summarized more extensively in the Court's Order at Docket No. 247. There is still an ongoing, related state court action in McCracken Circuit Court in which Kira's estate is pursuing claims based on this same accident. Both the estate and Plaintiff Richard Bryant ("Bryant") have settled their claims against Paducah Nissan and Jamison Turney. (Docket No. 244, at 1). The only claim that remains before this Court is the loss-of-consortium claim against Defendant Dedra Turney ("Turney") by Bryant. As for the state court action, the only claims remaining are those against Turney by the estate, and Turney's claim under KRS 411.137 against Bryant.

In July, 2014 the administrator of Kira's estate filed an amended complaint for declaratory judgment in McCracken Circuit Court, seeking the court's guidance on how to proceed on unresolved claims against Turney; the administrator had concluded that additional recovery from Turney would not benefit the estate. On December 15, 2014, the circuit court returned a ruling that disagreed and stated that any additional recovery against Turney would serve to increase the total combined recovery. (Docket No. 245-2). The court instructed the administrator to "honestly evaluate the merits of pursuing a claim against Dedra viewed from the lens of a maximum recovery on behalf of the whole estate, not a single beneficiary." *Id.* Additionally, Turney has a claim pending in state court under KRS. 411.137, or "Mandy Jo's law." This claim alleges that Bryant abandoned the care and maintenance of Kira, thus barring him from recovery. There is a hearing scheduled in the circuit court on March 15, 2015.

## DISCUSSION

Defendant Turney argues that this case should continue to be stayed. (Docket No. 257). She notes that several issues may be resolved at the March 16, 2015 hearing in state court. Further, she notes that KRS 411.137 may preclude Plaintiff from receiving any proceeds as a result of Kira's death. Bryant responds that KRS 411.137 does not apply to loss of consortium claims, and that this claim should move forward to trial in federal court. (Docket No. 258).

Many of this Court's rationales for staying this federal action remain the same. First, it is uncertain whether KRS 411.137 is applicable to loss of consortium claims, however the question of whether KRS 411.137 applies to this particular situation or these claims generally remains before the McCracken Circuit Court. Further, the administrator of the estate has been instructed to evaluate the merits of a claim against Turney, and it is currently uncertain whether the estate will bring that claim. Finally, as the Court has noted previously, it is concerned about the

preclusive effect that deciding the loss-of-consortium claim would have on the state law claims pending in the state action.

Accordingly, the Court finds that the proper course of action at this time is to continue to exercise its discretion and **STAY** this case pending further development of the state court action.

## CONCLUSION

For these reasons, and consistent with the Court's conclusions above,

IT IS HEREBY ORDERED as follows that Plaintiff Richard Ward Bryant's Motion to set this case for trial, (Docket No. 254), is **DENIED**. This case remains stayed pending further development of the state court action.

In light of the Court's order, the telephonic conference scheduled for February 27, 2015 is **CANCELLED**.

IT IS SO ORDERED.