## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## PADUCAH DIVISION
## CIVIL ACTION NO. 5:11-CV-128-TBR

RICHARD WARD BRYANT, INDIVIDUALLY AND
ON BEHALF OF THE ESTATE OF KIRA BRYANT,                    Plaintiff,

v.

DEDRA K. TURNEY,                                           Defendant.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court upon Defendant Dedra K. Turney's Motion *in Limine* regarding evidence of Plaintiff's intentional unemployment to avoid child support obligations and other evidence of divorce proceedings. (Docket No. 269.) The Plaintiff Richard Ward Bryant has responded, (Docket No. 272), and Defendant has replied, (Docket No. 285). Fully briefed and as the Court finds Defendant's Motion timely, this matter is ripe for adjudication. For the reasons enumerated below, the Court will **GRANT** Defendant's Motion.

The Defendant Ms. Turney seeks permission from this Court to introduce "the determination by [an Alabama court] that [Mr. Bryant] was delinquent in nearly a year of child support obligations and was intentionally unemployed for the purpose of avoiding his obligation to pay child support for [their daughter] Kira." (Docket No. 269 at 1.) Ms. Turney argues that Mr. Bryant's child support arrearage is relevant and "highly probative" in this matter because the Alabama Court deemed him to be "intentionally unemployed for purposes of avoiding his child support arrearages and [he] made no payments for nearly a year." (Docket No. 269 at 2.) She contends that "such evidence demonstrates a lack of concern for and consideration of [their daughter] Kira's well-being" and believes it is highly relevant to Mr. Bryant's loss of consortium claim. (Docket No. 269 at 3.)

1

In response, Mr. Bryant argues that Ms. Turney's Motion should be denied based upon the principles of *stare decisis* and *res judicata* because McCracken County Circuit Court has already confronted this very issue in dismissing Ms. Turney's claim that Mr. Bryant "should take no recovery under Kentucky's Mandy Jo's Law."[1] (Docket No. 272 at 1.) Mr. Bryant also contends that the evidence of his child support payment history should not be admitted as it is irrelevant under Rule 402 of the Federal Rules of Evidence and it would be a waste of time and unfairly prejudicial under Rule 403 of the Federal Rules of Evidence. (Docket No. 272 at 8-11.)

According to Kentucky Revised Statutes § 411.135:

> In a wrongful death action in which the decedent was a minor child, the surviving parent, or parents, may recover for loss of affection and companionship that would have been derived from such child during its minority, in addition to all other elements of the damage usually recoverable in a wrongful death action

In an unpublished opinion, the Kentucky Court of Appeals stated that "[i]n attempting an assessment of the proper measure of damages for 'loss of affection and companionship,' it seems clear . . . that inquiry into factors that bear upon the duration and intimacy of the relationship is

---

[1] The Court finds that *stare decisis* is the wrong legal doctrine as the doctrine of *stare decisis* means that when a point or principle of law has been officially decided by a Court in a case, that point of law "will no longer be considered as open to examination or to a new ruling by the same tribunal or by those which are bound to follow its adjudications." *Stare Decisis*, BLACK'S LAW DICTIONARY (10th ed. 2014) (citation omitted). This Court is not bound to follow the adjudications of the McCracken County Circuit Court. Additionally, this Court will not deny Plaintiff's Motion *in Limine* on the principle of *res judicata*. "In Kentucky, res judicata is an affirmative defense which operates to bar repetitious suits involving the same cause of action [and] . . . encompasses both claim preclusion and issue preclusion." *Presbyterian Child Welfare Agency of Buckhorn, Kentucky, Inc. v. Nelson Cty. Bd. of Adjustment*, 185 F. Supp. 2d 716, 720 (W.D. Ky. 2001) (citing *Yeoman v. Commonwealth*, 983 S.W.2d 459, 464 (Ky. 1998)). "Issue preclusion bars the parties from relitigating any issue actually litigated and finally decided in an earlier action. The issues in the former and latter actions must be identical." *Yeoman*, 983 S.W.2d at 465. The McCracken Circuit Court considered whether or not Mr. Bryant had "willfully abandoned" his daughter Kira and was therefore barred from recovery in a wrongful death action under Kentucky Revised Statutes § 411.137. (Docket No. 285-3 at 1.) In that action, the Court considered Mr. Bryant's child support payments to determine whether or not he had abandoned his daughter Kira, and the Court concluded that he had not abandoned his daughter under KRS § 411.137. (Docket No. 285-3 at 7.) Here, Ms. Turney seeks to admit evidence of Mr. Bryant's child support payment history not to show he abandoned Kira under KRS § 411.137 but to show the "nature and quality" of Mr. Bryant's relationship with his daughter Kira which this Court believes is highly relevant in a loss of consortium action. (Docket No. 285 at 2.)

appropriate." *Leonard v. St. Claire Med. Ctr. Inc.*, No. 2005-CA-001706-MR, 2007 WL 625074, at *3 (Ky. Ct. App. Mar. 2, 2007).

In its 2013 Order, this Court found that the evidence regarding Mr. Bryant's child support payment history had "little or no probative value" and that its "limited probative value [was] outweighed by the potential prejudice." (Docket No. 197.) After re-considering the parties arguments and given the current posture of the case, the Court finds that Mr. Bryant's payment of child support is relevant to his loss of consortium claim. Under Rule 401 of the Federal Rules of Evidence, "evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Mr. Bryant's payment of child support is relevant as it does relate to the nature and intimacy of his relationship with his daughter Kira prior to her death. Mr. Bryant's financial support of his daughter is probative of the intimacy and companionship between them. Furthermore, the Court finds that its probative value is not substantially outweighed by a danger of unfair prejudice or waste of time under Rule 403 of the Federal Rules of Evidence. The parties may introduce evidence at trial related to Mr. Bryant's payments of child support including the Alabama court's determination that he was intentionally unemployed to avoid child support payments.

With regards to any other evidence of their divorce proceedings, the parties are to refer to this Court's Memorandum and Opinion regarding Mr. Bryant's Motion to Reaffirm Prior Rulings on Motions *in Limine*.

**IT IS SO ORDERED.**


cc: Counsel