## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## PADUCAH DIVISION
## CIVIL ACTION NO. 5:11-CV-128-TBR

RICHARD WARD BRYANT, INDIVIDUALLY AND
ON BEHALF OF THE ESTATE OF KIRA BRYANT,                                    Plaintiff,

v.

DEDRA K. TURNEY,                                                                         Defendant.

### MEMORANDUM OPINION AND ORDER

This matter comes before the Court upon Defendant Dedra K. Turney's Motion *in Limine* regarding evidence as to her knowledge of her daughter Kira's nonuse of a helmet. (Docket No. 267.) The Plaintiff Richard Ward Bryant has responded, (Docket No. 273), and Defendant has replied, (Docket No. 284). Fully briefed and as the Court finds Defendant's Motion timely, this matter is ripe for adjudication. For the reasons enumerated below, the Court will **GRANT** Defendant's Motion.

The Defendant Ms. Turney asks this Court to preclude evidence of her knowledge that her daughter Kira was not wearing a helmet before or at the time of the motorcycle accident that resulted in Kira's death. (Docket No. 267 at 1.) Ms. Turney argues that Mr. Bryant "can only produce evidence of causation regarding [their daughter] Kira's helmet use in the form of expert medical testimony [and] [s]ince such expert evidence is absent, such evidence on the issue should be excluded." (Docket No. 267 at 3.) In response, Mr. Bryant argues that Ms. Turney did not "identify any Kentucky law that precludes a jury from inferring that failure to wear a helmet was a substantial factor in causing a death from a head injury." (Docket No. 273 at 1.) Mr. Bryant also argues that Ms. Turney's failure to make sure that their daughter Kira wore a helmet was a violation of Kentucky law and her duty as a parent. *Id.* Lastly, Mr. Bryant cites to

statements made by their daughter Kira's treating physicians concerning the fact that she was not wearing a helmet as expert support. *Id.*

The parties do not dispute that there are no Kentucky opinions that are directly on point on this issue. (Docket No. 273 at 3-6; 284 at 3.) After much research, this Court agrees with the parties that there is no direct case law guidance. However, it is firmly established law in Kentucky that in order to prove negligence a plaintiff "must establish a duty on the defendant, a breach of the duty, and *a causal connection between the breach of the duty and an injury suffered* by the plaintiff." *Lewis v. B & R Corp.*, 56 S.W.3d 432, 436-37 (Ky. Ct. App. 2001) (emphasis added). Furthermore, when a plaintiff argues that the Defendant violated a statute and therefore has a negligence per se claim, the Plaintiff must still prove causation and injury. *Stivers v. Ellington*, 140 S.W.3d 599, 601 (Ky. Ct. App. 2004). This Court agrees with Ms. Turney that causation is a necessary element that Mr. Bryant must prove to demonstrate that she was in fact negligent for allowing her daughter Kira to ride on a motorcycle without a helmet.

This Court also agrees with Ms. Turney that the issue of helmet nonuse most commonly appears in cases involving comparative negligence "where the defendant seeks to introduce evidence of helmet nonuse against the plaintiff to reduce the plaintiff's damages." (Docket No. 284 at 3.) Courts that have addressed helmet nonuse in the contributory or comparative negligence context have required the defendant to produce evidence to show what portion of the claimant's injuries were attributable to his or her failure to use a helmet. *Warfel v. Cheney*, 758 P.2d 1326, 1332 (Ariz. Ct. App. 1988) ("Although the evidence of helmet nonuse is relevant to the issue of damages, defendants must also produce evidence showing what portion of the injuries sustained by plaintiff was attributable to helmet nonuse."); *Dean v. Holland*, 350 N.Y.S.2d 859, 861-62 (N.Y. Sup. Ct. 1973) ("The omission, however, to wear a helmet may be a

2

proximate cause of an injury if it is found to be a substantial factor in bringing about the injury. The jury may not speculate and apportion damages, unless expert or other testimony were presented from which it can properly infer that some or all of the injuries to infant plaintiff would not have occurred had the helmet been worn."); *Halvorson v. Voeller*, 336 N.W.2d 118, 121 (N.D. 1983) ("Only if . . . there is competent evidence establishing a causal connection between the plaintiff's failure to wear a helmet and the injuries he received, may the jury reduce damages to the extent that a helmet would have decreased the plaintiff's injuries.").

While Kentucky does not appear to have addressed the issue of helmet nonuse in a comparative negligence context, it has addressed the nonuse of a seat belt in a comparative negligence context which is analogous and helpful in this matter. In Kentucky, the Defendant must introduce "relevant and competent evidence from which it can be reasonably inferred: (1) that the claimant's failure to utilize an available seat belt was contributory fault in the circumstances of the case, and (2) that such contributory fault, if any, *was a substantial factor contributing to cause or enhance the claimant's injuries*" in order to have the question of contributory fault submitted to the jury. *Wemyss v. Coleman*, 729 S.W.2d 174, 179 (Ky. 1987) (emphasis added). Kentucky's case law on seat belt nonuse is analogous to helmet nonuse, and Kentucky's highest court affirmatively requires evidence of causation to show that the nonuse of a seat belt was a "substantial factor" in causing or enhancing the claimant's injury. *See id.*

Here, Mr. Bryant argues that Ms. Turney's failure to make sure that their daughter Kira wore a helmet was a violation of Kentucky law and her duty as a parent. (Docket No. 273 at 6.) Mr. Bryant must show that Ms. Turney had a duty and her alleged breach of that duty and he must also provide sufficient evidence of "a causal connection" between her breach of any duty and the injuries suffered by their daughter Kira. *Lewis v. B & R Corp.*, 56 S.W.3d 432, 436-37

3

(Ky. Ct. App. 2001). As evidence, Mr. Bryant does not offer explicit expert testimony but rather offers observations made by Kira's treating physicians that she was in a motorcycle accident and was not wearing a helmet at the time of the accident. (Docket No. 273 at 7.) These observations by Kira's treating physicians are insufficient as they do not state that Kira's failure to wear a helmet caused or increased her injuries. (Docket No. 273 at 7.) This is a matter that would require expert testimony as to causation. *Shewmaker v. RMD Home Office, Inc.*, No. 2002-CA-001072-MR, 2003 WL 22064061, at *2 (Ky. Ct. App. Sept. 5, 2003) (first citing *Jarboe v. Harting*, 397 S.W.2d 775 (Ky. 1965); then citing *Baylis v. Lourdes Hospital, Inc.*, 805 S.W.2d 122 (1991)) ("Expert medical testimony is necessary when common knowledge or experience of laymen is not extensive enough to infer negligence from the facts."). As Mr. Bryant has failed to provide any expert testimony as to the causal connection between Ms. Turney's alleged breach and their daughter Kira's injuries, any evidence of Ms. Turney's knowledge that Kira was not wearing a helmet is inadmissible.

      For the aforementioned reasons, this Court **GRANTS** Defendant's Motion *in Limine*. (Docket No. 267.)

cc: Counsel