## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## PADUCAH DIVISION
## CIVIL ACTION NO. 5:11-CV-128-TBR

RICHARD WARD BRYANT, INDIVIDUALLY AND
ON BEHALF OF THE ESTATE OF KIRA BRYANT,                    Plaintiff,

v.

DEDRA K. TURNEY,                                            Defendant.

### MEMORANDUM OPINION AND ORDER

This matter comes before the Court upon Plaintiff Richard Ward Bryant's Motion *in Limine* to Preclude Reference to Settlements of Claims by Dedra Turney, the Estate of Kira Bryant, and Richard Bryant Against Paducah Nissan and Jamison Turney. (Docket No. 266.) The Defendant Dedra K. Turney has responded, (Docket No. 271), and Plaintiff has replied, (Docket No. 276). Fully briefed, this matter is ripe for adjudication. For the reasons enumerated below, the Court will **DENY** Plaintiff's Motion, however, no mention of settlement can be made in the presence of the jury without this Court's prior approval.

The Plaintiff Mr. Bryant seeks to prevent Defendant Ms. Turney "from offering any evidence of prior settlements made by any party because such evidence is not relevant to [his] loss of consortium claim against Ms. Turney." (Docket No. 266-1 at 1.) In response, Ms. Turney contends that under both Kentucky law and Federal law evidence of prior settlements is admissible for certain purposes including bias. (Docket No. 271 at 1.)

In federal diversity actions, "federal law governs procedural issues . . . [and the] [r]ules of evidence are deemed rules of procedure, therefore, the Federal Rules of Evidence, rather than state evidentiary laws, are held to apply." *Legg v. Chopra*, 286 F.3d 286, 289 (6th Cir. 2002) (citations omitted). Consequently, the Court will analyze Mr. Bryant's Motion *in Limine* in

1

accordance with the Federal Rules of Evidence. Neither Kentucky's Rules of Evidence nor Kentucky's case law will control.[1] Rule 408 of the Federal Rules of Evidence states the following:

> Evidence of the following is not admissible--on behalf of any party-- either to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction:
> (1) furnishing, promising, or offering--or accepting, promising to accept, or offering to accept--a valuable consideration in compromising or attempting to compromise the claim; and
> (2) conduct or a statement made during compromise negotiations about the claim--except when offered in a criminal case and when the negotiations related to a claim by a public office in the exercise of its regulatory, investigative, or enforcement authority.

As the text of Rule 408 establishes, parties may not introduce evidence of a settlement "to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement." Fed. R. Evid. 408(a). However under an exception, Rule 408 permits the admission of evidence of a settlement "for another purpose, *such as proving a witness's bias or prejudice*, negating a contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution." Fed. R. Evid. 408(b) (emphasis added). As there are instances under Rule 408 when a court may admit evidence of a settlement, this Court finds that any ruling regarding the admissibility of the previous settlements must be made at trial when the purpose for which either party seeks to admit the evidence will be readily ascertainable. At that time, the Court will determine the evidence's relevance and perform an analysis under Rule 403. Should the parties wish to mention or introduce evidence of any prior settlement, they shall first approach the bench prior to introducing it. At this time, and without the particulars of how the parties wish to use any evidence of prior settlement, the Court cannot determine whether it passes analysis under Federal

---

[1] Plaintiff Mr. Bryant's argument is based largely upon Kentucky case law. (*See* Docket No. 266-1 at 2-4.)

Rule of Evidence 408. No party shall mention prior settlement before the jury without prior approval of the Court.

**IT IS SO ORDERED.**

cc: Counsel