### UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF KENTUCKY
### PADUCAH DIVISION
### CIVIL ACTION NO. 5:11-CV-128-TBR

RICHARD WARD BRYANT, INDIVIDUALLY AND
ON BEHALF OF THE ESTATE OF KIRA BRYANT,                    Plaintiff,

v.

DEDRA K. TURNEY,                                          Defendant.

### MEMORANDUM OPINION AND ORDER

This matter comes before the Court upon Defendant Dedra K. Turney's Motion *in Limine* Regarding Evidence of Jamison Turney's Alcohol Purchases and Consumption. (Docket No. 268.) The Plaintiff Richard Ward Bryant has responded, (Docket No. 274), and Defendant has replied, (Docket No. 283). Fully briefed, this matter is ripe for adjudication.

According to the Sixth Court of Appeals, "[t]he standard for relevancy is 'extremely liberal' under the Federal Rules of Evidence." *Dortch v. Fowler*, 588 F.3d 396, 400 (6th Cir. 2009) (citing *United States v. Whittington*, 455 F.3d 736, 738 (6th Cir. 2006)). Under Rule 401 of the Federal Rules of Evidence, evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence; and the fact is of consequence in determining the action." Fed. R. Evid. 401. Given the current posture of this case and this Circuit's liberal standard for relevance, this Court finds that the evidence of Jamison Turney's drinking history certainly is relevant to whether or not Ms. Turney knew or should have known that he was intoxicated on the evening in question.

The posture of this case is different now than when the Court entered its previous orders concerning the admissibility of evidence of alcohol consumption by Jamison Turney. This Court's original Opinion dealt only with the admissibility of the evidence as to Plaintiff Mr.

1

Bryant's claim of negligent entrustment against Paducah Nissan. Under the current posture of the case, the Court must also consider what evidence of Jamison Turney's alcohol consumption is admissible as to Mr. Bryant's claims not only against Paducah Nissan but also against Ms. Turney. As to Ms. Turney, the question is whether she knew or should have known that Jamison Turney was intoxicated at the time that he and her daughter Kira left for the tragic motorcycle ride.

All evidence of Jamison Turney's alcohol consumption and his drinking and driving that makes it more likely than not that Ms. Turney knew or should have known Jamison Turney was drinking alcohol before he left for the motorcycle ride appears to be relevant. In addition, the evidence previously admitted as to Jamison Turney's use of alcohol at work and his drinking and driving to/from work and driving Paducah Nissan's vehicle's while intoxicated is relevant and admissible for the purpose of apportionment in this case against Paducah Nissan. Furthermore, the evidence previously indicated that some employees felt that Jamison Turney's alcohol consumption was common knowledge. As Ms. Turney worked at Paducah Nissan occasionally, that evidence is also admissible.

Therefore, this Court finds that evidence that relates to what Ms. Turney knew or should have known about Jamison Turney's drinking as well as his drinking and driving is admissible as to the claim against her. Furthermore, it appears that Ms. Turney intends to seek apportionment of fault under Kentucky Revised Statutes § 411.182 to parties who have already been released from this action. Consequently, evidence as to what Paducah Nissan knew or should have known as to Jamison Turney's drinking at work and drinking and driving to/from work is admissible in regards to the claim of negligent entrustment against Paducah Nissan. Should evidence be introduced at trial which counsel believes changes the analysis of this issue as it relates to

Paducah Nissan or Ms. Turney, counsel shall approach the bench for the purpose of reconsideration of this issue. If counsel has any concern as to whether evidence a party wishes to introduce may be contrary to this Order, counsel should approach the bench. The Court is not aware of all evidence on alcohol consumption that a party may wish to introduce so some of this may need to be addressed during the trial.

For the aforementioned reasons, Defendant's Motion *in Limine* Regarding Evidence of Jamison Turney's Alcohol Purchases and Consumption is **DENIED**. (Docket No. 268.)

**IT IS SO ORDERED.**

cc: Counsel