UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:11-CV-128-TBR

RICHARD WARD BRYANT, INDIVIDUALLY AND
ON BEHALF OF THE ESTATE OF KIRA BRYANT,                           Plaintiff,

v.

DEDRA K. TURNEY,                                                  Defendant.

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court upon Plaintiff Richard Ward Bryant's Motion to Reaffirm Prior Rulings on Motions *in Limine*. (Docket No. 265.) The Defendant Dedra K. Turney has responded, (Docket No. 270), and Plaintiff has replied, (Docket No. 275). Fully briefed, this matter is ripe for adjudication. For the reasons enumerated below, the Court will **GRANT** in part and **DENY** in part Plaintiff's Motion.

The Plaintiff Mr. Bryant has asked this Court to reaffirm its prior rulings on several motions *in limine* that the parties filed in 2013 when this case was originally set for trial. Mr. Bryant argues that the Court should reaffirm its previous orders as "there is no reason to brief the same issues again [because] there has been no significant change to the posture of the case other than settlement by Jamison Turney and Paducah Nissan, LLC." (Docket No. 265 at 1.) In her response to Mr. Bryant's Motion, the Defendant Ms. Turney urges the Court to reconsider two of its prior Orders. (Docket No. 270 at 2-5.) Specifically, Ms. Turney asks that this Court reconsider (1) its Order to exclude all reference at trial to Mr. Bryant's payment of child support to her in support of the decedent, their daughter Kira Bryant, (Docket No. 197), and (2) its Order granting in part Mr. Bryant's request to exclude all reference at trial to those matters relating to the divorce between himself and Ms. Turney, (Docket No. 198). Ms. Turney contends that the case

1

"has changed dramatically" since the Court considered the Motions *in Limine* at issue. (Docket No. 270 at 1.) Ms. Turney argues that "[t]he case no longer involves any economic losses based on [the decedent] Kira's earning power . . . [and] only Mr. Bryant's . . . claim for loss of consortium damages" remains. *Id.* at 2. The Court will address Ms. Turney's requests below.

1. Mr. Bryant's Child Support Obligations

With regards to any evidence of Mr. Bryant's child support payment history, the parties are to refer to this Court's Memorandum and Opinion concerning Ms. Turney's Motion *in Limine* regarding evidence of intentional unemployment to avoid child support obligations. (Docket No. 291.)

2. Matters Relating to the Divorce Between Mr. Bryant and Ms. Turney

Mr. Bryant also seeks to reaffirm this Court's partial exclusion of matters related to his and Ms. Turney's divorce. Ms. Turney argues that evidence related to the parties' divorce is relevant because "certain occurrences . . . indicate Mr. Bryant's lack of concern for [their daughter] Kira's well-being." (Docket No. 270 at 4.) In particular, Ms. Turney describes an instance when Mr. Bryant allegedly broke into the residence where she and their daughter Kira were staying and kicked in several doors and ripped the phone lines out of the wall. *Id.* Mr. Bryant counters that this alleged incident occurred at the time of the parties' initial divorce filing when their daughter was an infant and would have no recollection of it. (Docket No. 275 at 3.) Ms. Turney also contends that certain occurrences are "probative of Mr. Bryant's credibility as they indicate a motive for his claim against [her]." (Docket No. 270 at 4.) Specifically, Ms. Turney refers to a statement made by Mr. Bryant as well as a letter that he allegedly sent. *Id.*

In its 2013 Order, this Court granted in part and denied in part Mr. Bryant's request to exclude all matters related to his and Ms. Turney's divorce. (Docket No. 198.) The Court found

the number and length of Mr. Bryant's visitation with his daughter Kira relevant. The Court also found the timing of the parties' divorce, which parent had primary custody of their daughter Kira, and how often they interacted with her relevant to Mr. Bryant's loss of consortium claim. This Court still believes all of the aforementioned facts are relevant to Mr. Bryant's remaining claim.

      With regards to the events and statements alleged in Ms. Turney's Response, the Court finds that the incident were Mr. Bryant allegedly broke into Ms. Turney's residence when their daughter Kira was a small child is not relevant to Mr. Bryant's loss of consortium claim. *See* Fed. R. Evid. 401. Furthermore, even if the alleged event has minimal probative value, it is substantially outweighed by a danger of unfair prejudice. *See* Fed. R. Evid. 403. Additionally, with regards to the demand letter sent by Mr. Bryant's attorneys after his daughter Kira's death, (Docket No. 295-1 at 1-2), this Court finds that it has minimal if any probative value under Rule 401 of the Federal Rules of Evidence and any relevance it has is substantially outweighed by the danger confusion of the issues. Further, the letter mentions insurance which is prejudicial. Therefore, the demand letter is inadmissible. Finally, the Court concludes that should Ms. Turney wish to introduce any other post-divorce conduct, she shall first approach the bench prior to introducing it. At this time, and without the particulars of said evidence, the Court cannot determine its relevance or whether it passes analysis under Rule 403 of the Federal Rules of Evidence.

      For the aforementioned reasons, the Court will **GRANT** in part and **DENY** in part Plaintiff's Motion to Reaffirm Prior Rulings on Motions *in Limine*. (Docket No. 265.)

**IT IS SO ORDERED.**

cc: Counsel